IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FEDERAL INSURANCE COMPANY, :
:
Plaintiff :
: **CIVIL ACTION NO. 3:07-01357**
v. :
: (JUDGE NEALON)
UNI-MARTS LLC, :
:
Defendant :

**MEMORANDUM AND ORDER**

On July 26, 2007, Federal Insurance Company ("Federal") filed a declaratory judgment action against Uni-Marts LLC ("Uni-Marts") seeking a declaration that Uni-Marts' insurance policies with Federal do not cover a breach of contract action against Uni-Marts filed in the Court of Common Pleas of Luzerne County and, further, that Federal has no obligation to defend or indemnify Uni-Marts in connection with that action. (Doc. 1). Uni-Marts filed an answer and counterclaim on September 19, 2007, asserting affirmative defenses and requesting a declaration that the policies do cover the Luzerne County action and that Federal has the obligation to indemnify Uni-Marts for costs and damages from that action. (Doc. 13). On October 12, 2007, Federal filed an answer (Doc. 14) to

Uni-Marts' counterclaim and, on November 30, 2007, Federal moved for judgment on the pleadings pursuant to Rule 12(b)(6). (Doc. 20). Uni-Marts filed a brief in opposition (Doc. 29) to Federal's motion on December 21, 2007, to which Federal filed a reply brief (Doc. 31) on January 14, 2008.

In its motion, Federal argues that Uni-Marts violated the reporting requirements of their insurance policies by failing to provide written notice as soon as practicable of the claim made in a February 28, 2006 letter from Attorney Joseph A. Lach. (Doc. 21, p. 7).[1] This letter from Attorney Lach to Uni-Marts (hereinafter "Lach letter") stated that Attorney Lach represented thirty owners of over fifty-fives stores wronged by Uni-Marts' misrepresentations during the sale of the stores to the owners, that he was prepared to institute litigation, and that Uni-Marts should contact Attorney Lach immediately if it desired an amicable resolution of the issues because time was of the essence. (Doc. 1, Ex. C.)[2] These

---

[1] The Directors & Officers Liability Coverage Sections of the policies purchased by Uni-Marts from Federal state that a claim is "a written demand for monetary damages or non-monetary relief." (Doc. 1, Ex. A, Directors & Officers Liability Coverage Section, § II(D)(1)(a), p. 3, and Doc. 1, Ex. B, Directors & Officers Liability Coverage Section, § II(D)(1)(a), p. 3). As a condition precedent to exercising rights under the policy, an insured shall "give to the company written notice as soon as practicable of any Claim."(Doc. 1, Ex. A, p. 8, § VII(A)(1) and Doc. 1, Ex. B, p. 8, § VII(A)(1)).

[2] The body of the February 28, 2006 letter from Attorney Joseph A. Lach to Uni-Marts reads as follows:

> Please be advised that I and Attorney Joseph Ferguson of the firm of Rosenn, Jenkins & Greenwald represent a group of more than thirty (30) store

store owners, among others, were the plaintiffs in the Luzerne County action. Federal maintains that the Lach letter was a claim as defined in the policies and that Uni-Marts' failure to give written notice of the claim until more than nine-and-a-half months after the receipt of the Lach letter on March 1, 2006 violated the policies' requirements that notice be as soon as practicable and bars coverage for the action. (Doc. 21, pp. 8-10, 15).

In its brief in opposition, Uni-Marts contends that Federal's motion should

---

owners with over fifty-five (55) stores throughout Northeastern Pennsylvania.

    We were contacted by the store owners who entered into agreements with your corporation within the past year for the operation of convenience store/gas station operations in this geographic area.

    Our clients came to us after individually and collectively discovering over time serious and material misrepresentations that were made with respect to agreements and leases that they entered into with your company. These misrepresentations include but are not limited to representations concerning personnel and salary expenses, fixed costs and return/profit on gas and merchandise sales. These misrepresentations have had a very serious impact in many instances on the financial viability of the operations, and at a minimum, have denied our clients of the benefit of the bargain to which they should have been entitled.

    Our clients individually and collectively have suffered serious damages and consequences from these misrepresentations. We are prepared to institute litigation and to seek other appropriate avenues of legal redress, if necessary. Time is of the essence for many of our clients as a result of the impact of these financial misrepresentations.

    If you are interested in pursuing an amicable resolution of these issues, please contact me immediately. Otherwise, we will proceed to protect the interests of our clients and to seek the full measure of damages and any remedies that may be available to us under applicable law.

be denied because unresolved issues of material fact exist. (Doc. 29, p. 6). Uni-Marts argues that the Lach letter was submitted on behalf of an unidentified group of store owners proposing to renegotiate their contracts, does not make a specific demand for monetary damages or non-monetary relief, and does not amount to a claim but was, at most, a potential claim of which notice to Federal was optional. (Doc. 29, pp. 8-9). Uni-Marts asserts also that the Lach letter is not a claim under the policy on its face and by Federal's own admissions. (Doc. 29, pp. 8-12). Furthermore, Uni-Marts maintains that Federal is estopped from denying coverage based on Federal's assurance that the Lach letter, and the negotiations that followed, did not constitute a claim. (Doc. 29, p. 14-15). Uni-Marts argues that whether notice was "as soon as practicable" under the circumstances is a genuine question of material fact. Id.

Uni-Marts has attached to its brief in opposition (Doc. 29) evidence including, *inter alia*, affidavits of Ara Kervandjian, Executive Vice President of Uni-Marts, and John F. Stoviak, attorney for Uni-Marts. Federal, in its reply brief, after arguing that such evidence should not be considered, analyzed the substance of this evidence as well as negotiations subsequent to the Lach letter between Uni-Marts and the store owners which involved attempts to modify the existing contracts. (Doc. 31, pp. 6-7). The Federal Rules of Civil Procedure state that

when considering a Rule 12(b)(6) or 12(c) motion for judgment on the pleadings and "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." F.R.C.P. 12(d). A district court has discretion to convert a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment under Rule 56. Kulwicki v. Dawson, 969 F.2d 1454, 1463, n. 11 (3rd Cir. 1991). However, it is reversible error for a district court to convert a motion under Rule 12(b)(6) or Rule 12(c) into a motion for summary judgment unless the court provides notice of its intention to convert the motion and allows an opportunity to submit materials admissible in a summary judgment proceeding or schedules a hearing. See Castle v. Cohen, 840 F.2d 173, 179-80 (3d Cir. 1988) (vacating summary judgment when the district court converted the Rule 12(b)(6) motion without notice to the parties); Davis Elliott Int'l, Inc. v. Pan American Container Corp., 705 F.2d 705, 706-08 (3d Cir. 1983) (reversing summary judgment when the district court acted without notice to the parties and without an opportunity for hearing); Crown Central Petroleum Corp. v. Waldman, 634 F.2d 127, 129 (3d Cir. 1980) (reversing summary judgment when the district court acted without notice to the parties and without allowing an opportunity to submit affidavits); Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) (same). Inasmuch as Uni-Marts has submitted evidence in the

record for consideration, and that both parties reference and evaluate this evidence in their arguments, both parties have gone beyond the pleadings which demonstrates that these disputed issues can be more adequately considered and resolved under a motion for summary judgment.

There are other factual disputes in the pleadings and the exhibits which require further development. Uni-Marts alleges it was told during an October 12, 2006 conference call with a representative of Federal's underwriter, Chubb Group of Insurance Companies, that the ongoing communications with store purchasers were insufficient to be considered a claim under the policy. (Doc. 13, p. 12, ¶ 17). A document attached to the answer references policy renewal discussions prior to June 30, 2006 in which Uni-Marts and Dana Leach, Executive Protection Practice Leader of Chubb Group of Insurance Companies, discussed the ongoing negotiations with the represented store owners subsequent to the receipt of the Lach letter and "agreed it would be advisable to place Chubb on notice of issues/disputes [Uni-Marts] may have with some of [its] Licensee's/Dealer's that could give rise to a D&O claim in the future." (Doc. 13, Ex. E). Further, Federal maintains that it did not receive the letter from Uni-Marts dated September 7, 2006 until October 10, 2006. (Doc. 1, ¶ 22). Federal responded to that communication with a letter stating Federal accepted it as "notice of a potential claim." (Doc. 1, p.

7, ¶ 25). Lack of knowledge of the contents of the above conversations and the other factual discrepancies makes difficult a resolution of Uni-Mart's estoppel and waiver arguments and whether notice was given as soon as practicable under the circumstances.

The dates, content, and progress of the negotiations may prove to be relevant concerning whether notice was given as soon as practicable. Furthermore, a ruling on whether the February 28th letter constitutes a claim as a matter of law will be deferred until a more complete factual scenario is accomplished. Uni-Marts represents that their discussions with the store owners and their representatives focused solely on proposing improvements to the terms of their existing contracts and did not include a demand for money or other relief. Moreover, the record does not disclose the details and extent of the alleged conversations between representatives of the parties during the June 2006 renewal discussions and the October 12, 2006 conference call.

Therefore, Federal's motion for judgment on the pleadings will be converted into a motion for summary judgment and the parties shall be afforded additional time to conduct discovery and file briefs. The parties are free to develop any other factual issues pertinent to a determination of this motion. Judicial economy mandates a more fully developed record prior to a consideration of these factual

issues. At the expiration of the discovery period, the parties will be given the opportunity to file briefs pursuant to the following order.

Date:                                            _____
                                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FEDERAL INSURANCE COMPANY,  :
:
Plaintiff  :
: **CIVIL ACTION NO. 3:07-01357**
v.  :
: (JUDGE NEALON)
UNI-MARTS LLC,  :
:
Defendant  :

## ORDER

**NOW**, this eighteenth day of June, 2008, **IT IS HEREBY ORDERED THAT:**

1. Pursuant to Federal Rule of Civil Procedure 12(d), Plaintiff's motion for judgment on the pleadings (Doc. 10) is converted into one for summary judgment under Rule 56 because matters outside the pleadings have been presented and will be considered.

2. The parties are allowed sixty (60) days from the date of this Order, viz. August 18, 2006, to conduct discovery.

3. The Plaintiff, Federal Insurance Company, must file a brief, with appropriate attachments if necessary, in support of its motion within twenty (20)

days of August 18, 2008; Defendant, Uni-Marts, LLC, must respond no later than fifteen (15) days of receipt of Plaintiff's brief and Plaintiff may file a reply no later than ten (10) days after receipt of Defendant's response.

                                               *[signature]*

                                               United States District Judge